

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. WR-36,519-20

---

### EX PARTE MICHAEL D. WILLIAMS, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W94-03570-K(H) IN THE CRIMINAL DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

---

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty years' imprisonment.

Applicant contends that he is being erroneously credited for time spent released on parole prior to revocation, resulting in a miscalculation of his maximum discharge date. Applicant alleges that he was released on parole on January 30, 2014, and that his parole was revoked on July 13, 2015. Because Applicant's conviction in this case has an affirmative deadly weapon finding, and because Applicant has been previously convicted of aggravated sexual assault of a child, he is not

eligible to earn street time credits on this sentence. TEX. GOV'T CODE §§ 508.283(c), 508.149(a). While it appears that Applicant was initially denied credit for the time he spent on parole prior to revocation, on July 21, 2015, his case was apparently audited and his sentence was discharged "in absentia." According to TDCJ's records, Applicant has discharged his sentence in this case, although he is currently serving an eight-year sentence for a new conviction. Applicant alleges that he is suffering collateral consequences in that he believes that if TDCJ notices the error and recalculates his sentence discharge date, he will not receive flat time or good time credits for the time he has served since his sentence was erroneously discharged. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating whether or not Applicant's time credits were audited, and his maximum discharge date for this sentence was re-calculated. If Applicant's sentence was in fact re-calculated to discharge on July 21, 2015, the affidavit shall state the basis for this re-calculation.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id.* If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's time credits have been correctly calculated in this case, and as to whether Applicant's sentence

properly discharged on July 21, 2015. If Applicant's sentence did not discharge on that date, the trial court shall make findings as to whether Applicant is receiving flat time and good time credits against his sentence in this case, and as to what his correct discharge date for this sentence is. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 24, 2016
Do not publish